UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH G., | Case No. 25-cv-10151 |
| Plaintiff, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**OPINION AND ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT
(ECF NOS. 12, 14)**

**A.**

Plaintiff Deborah G. appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied her application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act.  Both parties have consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c) and move for summary judgment.  ECF No. 9; ECF No. 12; ECF No. 14.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and conformed with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations.  And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high.  Substantial evidence, this Court has said, is more than a mere scintilla.  It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up).  The substantial-evidence standard does not permit the Court to independently weigh the evidence.  *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter

---

[1] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

differently, and even if substantial evidence also supports the opposite conclusion.").

Under these standards, the Court denies plaintiff's motion and grants the Commissioners.

**B.**

Plaintiff argues that the ALJ erred by finding her mental impairments to be non-severe and by failing to discuss those impairments in determining the residual functional capacity (RFC).  ECF No. 12, PageID.2116-2121. An ALJ must consider at step two of the sequential analysis whether a claimant has a severe impairment.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  "Once one severe impairment is found, the combined effect of all impairments must be considered" when determining the RFC, "even if other impairments would not be severe."  *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(e), 416.945(e) ("[W]e will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your [RFC]."); Social Security Ruling (SSR) 96-8p.  An ALJ's error in considering an impairment non-severe is harmless if that impairment is considered in the remaining steps of the decision.  *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (cleaned up).

3

At step two, the ALJ found that plaintiff had severe physical impairments but determined that her mental impairments were non-severe, reasoning:

> Records also reflect a history of outpatient mental health treatment with psychotropic medications and therapy for diagnoses of major depressive disorder, unspecified anxiety disorder, and history of OCD (8F; 11F; 25F).  Mental health treatment records, however, note reports that the claimant's current medication regime is effective in managing her symptoms [citing ECF No. 8-2, PageID.1437].  Clinical impressions/assessments since the alleged onset date also note the claimant presents with overall stability of her psychiatric symptoms [citing *id.*, PageID.1422, 1428, 1481, 1512] or that she appears to be euthymic and psychiatrically stable [citing *id.*, PageID.1880, 1894, 1910, 1921].  Mental status exams performed during visits are also unremarkable (8F; 11F; 25F), but for one occasion where the claimant reported her mood was "not great" [citing *id.*, PageID.1454].

ECF No. 8-1, PageID.45-46.  Citing psychological treatment records and plaintiff's function report, the ALJ determined that she had no limitations in two of the "paragraph B" criteria and mild limitations in two other criteria. *Id.*, PageID.46.  The ALJ thus concluded that plaintiff's mental impairments were non-severe, as they did not cause "more than a minimal limitation in [her] ability to do basic work activities."  *Id.*

The RFC thus included physical but not mental restrictions.  *Id.*, PageID.47.  The ALJ recognized that she "must consider all of [plaintiff's] impairments, including impairments that are not severe" when determining

4

the RFC.  *Id.*, PageID.44 (citing 20 C.F.R. § 404.1520(e), 404.1545, 416.945; SSR 96-8p).  And she noted that the RFC "reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis" and that she considered the entire record and all symptoms.  *Id.*, PageID.46-47.  Although the ALJ did not discuss plaintiff's psychological treatment in this section of the opinion, she noted that two state-agency psychological consultants found that plaintiff had no severe mental impairments.  *Id.*, PageID.51.  The ALJ found these opinions persuasive, "for the reasons already discussed" at step two.  *Id.*

The Sixth Circuit has found adequate similar discussions of the effect of non-severe mental impairments on the RFC.  In *Emard v. Comm'r of Soc. Sec.*, the ALJ stated that she had reviewed the entire record and all symptoms, although she did not expressly discuss the plaintiff's non-severe impairments in assessing the RFC.  953 F.3d 844, 851 (6th Cir. 2020); *see also Stephen T.C. v. Comm'r of Soc. Sec.*, No. 1:23-cv-10821, 2024 WL 948592, at *6 (E.D. Mich. Mar. 5, 2024) ("ALJs also need not cabin their RFC analysis to the portion of their decision formally labelled as their RFC assessment: other sections of a written decision can tacitly explain why an ALJ's RFC finding did not account for a claimant's nonsevere impairments.").  And "[t]he ALJ's express reference to SSR 96-8p, along

with her discussion of the functional limitations imposed by [the plaintiff's] nonsevere impairments at step two of her analysis" satisfied the requirements of 20 C.F.R. § 416.945(e) and SSR 96-8p. *Emard*, 953 F.3d at 852.

In *Napier v. Comm'r of Soc. Sec.*, the Sixth Circuit affirmed an ALJ's opinion excluding mental limitations from the RFC when the plaintiff's mental impairments were non-severe.  127 F.4th 1000, 1007 (6th Cir. 2025).  There, the ALJ recognized that he needed to consider non-severe impairments and stated that the RFC reflected the degree of limitation found at step two.  *Id.*  And the ALJ repeatedly stated that he had considered all limitations, and substantial evidence supported his findings, so the court concluded that the RFC adequately accounted for the plaintiff's mental limitations.  *Id.*

Plaintiff challenges the ALJ's step-two analysis, citing several records that she claims support greater mental limitations.  ECF No. 12, PageID.2117-2119 (citing ECF No. 8-1, PageID.457-458; ECF No. 8-2, PageID.1440-1441, 1888-1889).  Those records show that plaintiff reported more stress, that her mood was "not so hot," and that she felt she "overdid it" by working twice in a three-day period.  ECF No. 8-1, PageID.457-458; ECF No. 8-2, PageID.1888-1889.  While the ALJ did not specifically

6

discuss these records, she need not discuss every piece of evidence in the

administrative record so long as her opinion is supported by substantial

evidence.  *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508

(6th Cir. 2006).  Plaintiff does not refute the ALJ's rationale or the ample

records showing that her mental impairments were consistently stable, her

medications were effective, and mental status examination findings were

benign.  *See, e.g.*, ECF No. 8-2, PageID.1420-1422, 1426-1428, 1432-

1437, 1445, 1460, 1479-1481, 1510-1512, 1878-1880, 1894, 1906-1910,

1916-1921.[2]

## C.

Plaintiff also challenges the ALJ's evaluation of her subjective

symptoms as related to her mental impairments.  ECF No. 12,

PageID.2121-2124.  The regulations set forth a two-step process for

evaluating a plaintiff's subjective symptoms.  First, the ALJ evaluates

whether objective medical evidence of an underlying condition exists and

whether that condition could reasonably be expected to produce the

---

[2] Plaintiff says that her "mental impairments were tied to her physical
problems and stress," apparently arguing that the ALJ did not consider her
mental impairments combined with her physical impairments.  ECF No. 12,
PageID.2118.  But as discussed above, the ALJ's statements that she
considered the entire record and all symptoms suffice to show that she
considered plaintiff's impairments in combination.  *See Emard*, 953 F.3d at
851.

alleged symptoms.  20 C.F.R. §§ 404.1529(a), 416.929(a); SSR 16-3p.  If so, the ALJ assesses any work-related limitations by determining the intensity, persistence, and limiting effects of these symptoms.  20 C.F.R. §§ 404.1529(a), 416.929(a); SSR 16-3p.  In sum, ALJs assess whether the symptoms claimed are "consistent with the objective medical and other evidence in the individual's record."  SSR 16-3p.

To evaluate the limiting effects of subjective symptoms, ALJs consider all available evidence, including the plaintiff's history, laboratory findings, statements by the plaintiff, and medical opinions.  20 C.F.R. §§ 404.1529(a), 416.929(a).  Although a plaintiff's description of her symptoms will "not alone establish that [she] is disabled," *id.*, the ALJ may not disregard the plaintiff's subjective complaints because they lack substantiating objective evidence, SSR 16-3p.  Without objective evidence, ALJs are to consider a plaintiff's daily activities; the location, duration, frequency, and intensity of pain; precipitating and aggravating factors; the type, dosage, and side effects of medication to alleviate symptoms; and any other treatment or measures used to relieve pain.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Plaintiff again contends that the ALJ failed to discuss her mental impairments and treatment.  ECF No. 12, PageID.2123.  She cites a

December 2020 record showing that she reported that her mood was "not great" because of her physical illness and tension with her boyfriend.  ECF No. 8-2, PageID.1454-1456.  On a scale from 1 (very depressed) to 10 (very happy), plaintiff rated herself a 2 and reported anhedonia and feelings of worthlessness.  *Id.*  Plaintiff also cites a February 2023 record, discussed above, in which she reported extreme fatigue, not feeling well, and feeling that she "overdid it" by working twice in a three-day period.  *Id.*, PageID.1888-1889.

The ALJ discussed the December 2020 record but determined that many other records showed unremarkable mental status examination findings and that plaintiff's mental impairments were stable.  ECF No. 8-1, PageID.45-46 (citing ECF No. 8-2, PageID.1420-1422, 1426-1428, 1432-1437, 1445, 1460, 1479-1481, 1510-1512, 1878-1880, 1894, 1906-1910, 1916-1921).  The ALJ also noted that plaintiff's function reports stated that she could follow instructions very well, had no problems getting along with others, could pay attention for "hours" or "a long time," required no hospitalizations or emergency visits for mental health concerns, and had no problems with personal care.  *Id.*, PageID.46 (citing ECF No. 8-1, PageID.301, 304-306, 323, 326-328).  Plaintiff identifies no flaw in the ALJ's reasoning and instead asks the Court to impermissibly reweigh the

evidence.  *See Cutlip*, 25 F.3d at 286.  And although the ALJ did not discuss the February 2023 record, she was not required to discuss every piece of evidence in the administrative record.  *See Kornecky*, 167 F. App'x at 508.

## D.

The Court **DENIES** plaintiff's motion for summary judgment (ECF No. 12), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 14), and **AFFIRMS** the ALJ's decision under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 18, 2025

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
